Gaston, J.
 

 By the Act of 1741,
 
 “
 
 for the suppression of vice and immorality,” it was enacted, that any two Justices of the Peace, upon their own knowledge, or information made to them, that any single woman within their county was big with child, or had been delivered of a child, might cause her to be brought before them and examined on oath touching the father thereof, and that the person so accused, upon her examination, should be adjudged the reputed father of the child, and stand charged with the maintenance thereof as the County Court should order. By the amendatory Act of 1814, it was recited, that the Act of 1741, by rendering the oath of the woman conclusive evidence of the fact of paternity, had an injurious effect upon the public morals and thereupon it was enacted that the person so accused should be entitled to have an issue made up to try whether he be the father of the child, and that, upon the trial of such issue, “ the examination of the woman upon oath before two Justices of the Peace, in the manner prescribed by the said Act, (the Act of 1741,) and returned to Court, should be
 
 prima facie
 
 evidence only against the person so accused.” To this enactment was added a further one in these words:
 

 
 *48
 
 And all examinations upon oath to accuse or charge any man of being the father of a bastard child, shall be had and taken within three years next after the birth of said child, and not after.” In the Revised Statutes concerning bastard cp,j|,jren) cpap. J2, the enactments of the Acts of 1741 and 1814 are consolidated,-no alteration being made even in their phraseology, except such as became necessary, because of their being brought into this intimate union. It re-enacts .the provisions of the Act of 1741. with the exception of that which declares that the personi charged by the examinant shall be adjudged the father of the child, substitutes for it the provision-of the Act of 1814, that “the examination of the woman taken before two Justices of the Peace, in the manner prescribed
 
 above,
 
 and returned to Court,- shall be
 
 prima facie
 
 evidence only against the person so accusedand
 
 subjoins
 
 the provision or enactment with respect to the time, within which examinations shall be had.
 

 Under this Statute it is competent for the party accused to object that the charge has not been preferred within the time prescribed, and also to deny the truth of the charge itself. These, however, are defences distinct in their nature, and the purposes of justice as well as the known analogies of law require that they should be brought forward, if meant to be insisted on, distinctly, in proper form and apt time. If the statutory prescription in regard to time is to be expounded as an ordinary act of limitation, the party charged may plead this prescription at the same time that he tenders a general denial of the charge. But it is clear that, unless he do bring it forward by plea, he cannot avail- himself thereof on the trial of the truth of the charge,, and it is equally clear that if he do bring it forward by plea, and issue be taken on the truth of the matter so pleaded, parol evidence may be received of the time of the birth of the child. The practice, however, has been, to consider an objection to the time of the examination as one fit to be made
 
 in limine,
 
 before tendering an issue upon the matter charged'. This seems to us the correct course. The Statute makes no provision for the trial of any controverted fact, except that of the paternity of the child. This silence, taken in connection with the general provisions
 
 *49
 
 of the Act, induces the belie! that the Legislature intended that the return of the examining magistrates should show that the examination was made within the prescribed time. If it do not, the party charged may move the Court to quash the return. The Court, on being satisfied that the defect is one of form, may allow the magistrates to amend the proceedings according to the truth of the case; or, if this be refused, a new warrant may be sued out and a new examination had without delay. It is to be borne in mind that the procedure is not in the nature of a prosecution for a criminal offence^ but is designed to secure indemnity to the County, against the charge of maintaining the unfortunate infant j and it ought to be so regulated that, while the person, sought to be charged with this maintenance, is fully secured, in the enjoyment of every defence allowed by the law, the just object of the Statute- should, if possible,- be effected in all cases coming within its purview.
 

 While we admit that an examination,- which does not appear to have been taken within the prescribed time,- is defective and may be quashed, we understand it to be settled that this defect is not necessarily fatal, and that all objection to it on that account is waived, if not made in the regular mode and at the proper time. So it was'adjudged in
 
 Carson’s
 
 case,'2 Dev. and Bat. 368. In that case the question did not arise, and was therefore left undecided, whether the defect might not be insisted on as an objection to the admission of the examination in evidence. Upon this question our opinion is that the examination is evidence, notwithstanding any such defect. The' words of the Statute conduct us to this conclusion. They prescribe the
 
 manner
 
 in whifch the examination shall be had, that is to say, upon a warrant issued by two Justices of the. Peace against the mother of the illegitimate child, and declare that when taken in the manner “ as above prescribed,” the' examination shall be evidence in the trial of the issue. The prohibition of examinations, not taken within three years from the birth of the child, not only follows after that declaration, but cannot, without violence to its language, be understood as prescribing the
 
 manner oi
 
 taking the examination. But we have other reasons' foj?
 
 *50
 
 adopting this conclusion. There is no necessity for permit-; ting, and there may be much inconvenience from permitting, the objection to be thus brought forward. The party sought to be charged, if he wish to rely on it as a defence, has a full opportunity of presenting it before tendering an issue; and if he will not avail himself of this opportunity, he ought not tó be allowed to spring it upon the officers of the county upon the trial of the issue, and thus obtain a verdict by sur-prize, which will be for ever conclusive, however repugnant it may be to the truth and justice of the case.
 

 The judgment below must be reversed, and a
 
 venire de novo
 
 should then be awarded.
 

 Per Curiam. Judgment reversed, and a
 
 venire de novo
 
 awarded.